BELMONT COAL AND LUMBER COMPANY, A CORPORATION OF NEW JERSEY, CLAIMANT-RESPONDENT, v. JAMES F. WOOD BUILDERS, INC., A CORPORATION OF NEW JERSEY, BUILDER, AND JOSEPH A. BURRELL AND ELIZABETH F. BURRELL, HIS WIFE, OWNERS-APPELLANTS.

Argued October 1, 1940—Decided October 17, 1940.

Before Justices BODINE and PORTER.

For the claimant-respondent, *Minturn & Weinberger* (*Joseph J. Weinberger,* of counsel).

For the owners-appellants, *Haines & Chanalis* (*Paul M. Strack,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is a suit under the Mechanics' Lien statute and is on appeal by the owners from the judgment for the respondent in the Second District Court of the city of Newark.

It appears that a building was erected on lands owned by

Joseph A. Burrell and Elizabeth F. Burrell, his wife, appellants, by James F. Wood Builders, Inc., building contractor, and that certain building materials were purchased and used in the building by said builder from Belmont Coal and Lumber Company, respondent, and not paid for.

The building corporation did not appear below and a general judgment was obtained against it.

As a prerequisite to securing a lien against any property the statute, *N. J. S. A.* 2:60-112, provides that a notice be filed with the county clerk of intention to furnish labor or materials. The following section, 2:60-113, provides that notice of intention shall contain "(a) The name of any one who, within ten days prior to the filing, shall have been the owner of record of the estate in the lands to which the lien is to attach." As stated the land was owned by Joseph A. and Elizabeth F. Burrell and they were the owners within ten days prior to the filing of the notice. The notice as filed gave the name of the owner as Joseph A. Burrell only. Later on a lien claim was filed against both owners.

The court below on a motion allowed an amendment to the notice of intention to include the name of Elizabeth F. Burrell as one of the owners. The sole question on this appeal is the legality of that amendment.

A prerequisite or condition precedent to a lien claim under this statute is that the name of "any one" who is the owner be named in the notice of intention. The words "any one" include each and every one. *Bouvier's Law Dictionary*. Such a notice is mandatory and no lien can attach where no proper notice of intention is filed. The notice as filed was concededly not proper because it did not contain the names of each and every owner. *Cf. Passaic-Bergen Lumber Co.* v. *Currie*, 111 *N. J. L.* 63; *Smith and Richards Lumber Co., Inc.*, v. *Hurley*, 116 *Id.* 429.

We conclude that the trial judge was without power to amend. No provision of the statute gave him such authority. The right to a lien against land for the debt of another is purely statutory which statute must be strictly construed. *Franklin Society For Home Building and Savings* v. *Thornton*, 85 *N. J. Eq.* 37; *Weinberger* v. *Goldstein*, 106 *Id.* 489.

The only provision in the statute allowing amendments is in *N. J. S. A.* 2:60-132, which provides that *lien claims* may be amended by a justice of this court or a Circuit Court judge. That section is, of course, no authority for the amendment of the notice of intention.

For these reasons the judgment under review is reversed, with costs.