679 A.2d 1249

MANSION SUPPLY COMPANY, INC., PLAINTIFF,
v. ASHOK R. BAPAT, SHAILA A. BAPAT AND
PAGE GROUP, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Camden County

Decided March 25, 1996.

*Gerald A. Sinclair,* for plaintiff.

*Gary M. Perkiss,* for defendants Bapat.

VOGELSON, P.J.S.C.

This is a motion to vacate the award of the arbitrator, for attorneys fees and court costs. The motion is brought by Mansion Supply Company, Inc., herein plaintiff, against Ashok R. Bapat and Shaila A. Bapat, and Page Group, Inc., herein defendants. For the reasons set forth here, plaintiff's motion is granted and the matter is remanded to the arbitrator for a determination of damages.

The facts of the case are as follows: Plaintiff is a supplier of windows and other building products for construction developers and builders. Defendant Page Group, Inc., at one time was the general contractor for the construction of a single family home for defendants Ashok R. Bapat and Shaila A. Bapat in Voorhees, New Jersey. As part of their contract, defendant Page Group, Inc. contracted with plaintiff for the purchase of windows and the related accessories that were required for the construction of the home. A contract was then entered into by defendant, Page Group, Inc. and plaintiff, Mansion Supply Company, for certain windows and the necessary accessories. Plaintiff delivered the windows at a cost of $30,810.89, which has not been paid. Further, Page Group, Inc. ordered, but has not taken delivery of, certain accessories for the windows at a cost of $3,307.13.

In order to perfect a lien against the property for the sum owed, Mansion filed a Notice of Unpaid Balance and Right to File Lien (NUB) on August 21, 1995, in compliance with the New Jersey Construction Lien Law, *N.J.S.A.* 2A:44A–1, *N.J.S.A.* 2A:44A–6, *N.J.S.A.* 2A:44A–21(b)(1). In addition, plaintiff also filed a lien claim on this date. Further, it filed a demand for arbitration with

the American Arbitration Association. *N.J.S.A.* 2A:44A–21(b)(3), seeking payment for the windows installed and related accessories.

Defendants, Ashok R. Bapat and Shaila A. Bapat, argued that they did not contract with the plaintiff and even if they had, plaintiff had filed after the statutory time limit had run. As a result, defendants sought dismissal of the action, attorney's fees and costs.

Both parties proceeded to arbitration which was held on September 26, 1995. After listening to testimony from all parties, the arbitrator found that the NUB was filed properly by plaintiff, but further found that the lien claim was improper. The arbitrator stated that, "the filing of [an NUB] as stipulated by section 20(e) of the construction lien law, does not constitute ... the filing of a lien claim nor does it extend the time the lien claim can be filed." In conjunction with this statement the arbitrator noted that the time to file a lien claim for items listed in the NUB had expired under the standard set forth in *N.J.S.A.* 2A:44A–6. As a result, the lien claim was deemed invalid and discharged. Due to this finding, the arbitrator did not reach any conclusion on or award damages. Plaintiffs promptly appealed to this court.

The sole issue on appeal is the determination of the statutory time limits set forth in *N.J.S.A.* 2A:44A–1, as it relates to residential construction contracts. The relevant sections of the Construction Lien Law are as follows:

> A lien claim shall be signed, acknowledged and verified by oath of the claimant or, in the case of a partnership or corporation, a partner or duly authorized officer thereof, and filed with the county clerk not later than 90 days following the date the last work, services, material or equipment was provided for which payment is claimed. No lien shall attach, or be enforceable under the provisions of this act and, in the case of a residential construction contract, compliance with sections 20 and 21 of this act, unless the lien claim is filed in the form, manner and *within* the time provided by this section and section 8 of this act. . . .
>
> [*N.J.S.A.* 2A:44A–6 (emphasis added).]

> The filing of a lien for work, services, material or equipment furnished pursuant to a residential construction contract shall be subject to the following additional requirements:
>
> . . . .

(3) Unless the parties have otherwise agreed in writing to an alternative dispute resolution mechanism, simultaneously with the service under paragraph (2) of this subsection, the lien claimant shall also serve a demand for arbitration and fulfill all the requirements and procedures of the American Arbitration Association to institute an expedited proceeding before a single arbitrator designated by the American Arbitration Association.

. . . .

(6) The arbitrator shall make [its] determinations ... within 30 days of receipt of the lien claimant's demand for arbitration by the American Arbitration Association....

. . . .

(8) Upon determination by the arbitrator that there is an amount which, pursuant to a valid lien shall attach to the improvement, the lien claimant shall, within 10 days of the lien claimant's receipt of the determination, file such lien claim.... The failure to file such a lien claim, or furnish the bond, letter of credit or funds, within the 10 day period, shall cause any lien claim to be invalid.

[*N.J.S.A.* 2A:44A–21b to –21b(8).]

Plaintiff asserts that the arbitrator's decision was improper because it did not allow plaintiff to file for an award within ten days of the lien claimant's receipt of the arbitrator's award. Further, plaintiff claims that the arbitrator failed to take into account that the lien claim was filed within the ninety day period allowed by *N.J.S.A.* 2A:44A–6. Plaintiff also argues that the arbitrator failed to account for the unshipped window accessories which were ordered by defendants, such that the ninety day window stated under *N.J.S.A.* 2A:44A–6 should not have tolled.[1] Finally, plaintiff argues that the arbitrator exceeded the scope of his authority by ruling on enforcement of the lien claim instead of making a determination on the validity and amount of the claim under *N.J.S.A.* 2A:44A–21b(4)(b) to –21b(4)(d). As a result, plaintiff seeks vacation, modification or correction of such determination, as allowed by *N.J.S.A.* 2A:44A–21b(10).

---

[1] The court does not rule on this allegation due to the fact that the statute specifically states that the lien claim covers only the "work, services, material or equipment [that] was provided for which payment is claimed." *N.J.S.A.* 2A:44A–6. Plaintiff did not include these items in their NUB or Lien Claim, therefore they are outside the scope of this decision.

Defendants, Ashok R. Bapat and Shaila A. Bapat, argue that plaintiff failed to file within the statutory time period of ninety days as set forth in *N.J.S.A.* 2A:44A-6, and should be barred from recovery. Further, defendants argue that plaintiff's view of the time frame for the lien process would improperly extend the limits of *N.J.S.A.* 2A:44A-6. Finally, defendants argue that the plaintiff is liable for court costs and reasonable attorneys' fees.

The crux of the dispute in this matter is an interpretation of time requirements for filing a lien claim based on a residential construction contract under *N.J.S.A.* 2A:44A-1. The facts show that plaintiff had in fact filed a Notice of Unpaid Balance and Right to File Lien (NUB) on August 21, 1995, in compliance with *N.J.S.A.* 2A:44A-6, which allows the claimant to file within ninety days from the date of the "last work, services, material or equipment ... provided for which payment is claimed." In addition, plaintiff also filed a lien claim on the same date. Under the special provisions for residential construction contracts, claimants are required to file a demand for arbitration in order to have an expedited proceeding before a single arbitrator from the American Arbitration Association. *N.J.S.A.* 2A:44A-21b(3). Plaintiff demanded arbitration and a hearing was held on September 26, 1995.

Once the demand for arbitration was made by the claimant, the arbitrator had thirty days in which to render a decision, from the date of the initial request. *N.J.S.A.* 2A:44A-21b(6). In his determination the arbitrator found that the NUB had been filed correctly, but withheld any finding of an amount owed. The reason the arbitrator did not ascertain a specific monetary amount was the fact that, "the time period in which to file a Lien Claim, pursuant to *N.J.S.A.* 2A:44A-6 ... has expired with regard to the last materials ... claimed [in the NUB]." As a result, the arbitrator determined that the lien claim was invalid and discharged the case.

The Construction Lien Law has stringent time requirements. The law covers most construction liens. The Legislature, however, has specially treated residential construction contracts and the

various parties involved in the construction or renovation of a home. The Legislature inserted the following language in the statute to reflect its concern:

> The Legislature declares that separate provisions concerning residential construction will provide a system for balancing the competing interests of protecting consumers in the purchase of homes and the contract rights of contractors, suppliers and sub-contractors to obtain payment for goods and services provided.
>
> [*N.J.S.A.* 2A:44A–21a]

The separate provision creates a different time frame for residential construction contracts and the liens that result, as opposed to all other types of liens covered by this statute. Under this analysis, the court concludes that all liens need to be filed within the ninety day window stated in *N.J.S.A.* 2A:44A–6, except those stemming from residential construction contracts. In order to comply with the time limits under residential construction contracts one must go beyond *N.J.S.A.* 2A:44A–6 and consider other sections of the statute, read together.

As a result of this statutory construction, and the legislative intent which is expressly stated in the statute, the following time line may be followed when a lien claim on a residential construction contract is commenced. First, a claim arising from a residential construction contract must be initiated within the ninety day window as set forth in *N.J.S.A.* 2A:44A–6. Second, a claimant must file simultaneously for arbitration, unless the claim falls under the exception listed in *N.J.S.A.* 2A:44A–21b(3). According to the statute, the arbitrator has an additional thirty days from the date the arbitration was requested to render a decision. *N.J.S.A.* 2A:44A–21b(6). Finally, once the determination is made, if an amount is found to be due, the claimant has another ten days in which to file their lien claim, beyond which time the lien is invalid. *N.J.S.A.* 2A:44A–21b(8). This finding by the court is within the intended purpose of the Legislature, balancing the competing interests of the parties involved and creating a time table to settle these cases uniformly and expeditiously. It is the view of this court that, in its totality, the lien claim process may take up to, but not exceed 130 days.

In the case at bar, the arbitrator's determination that the lien claim was invalid, by reason of noncompliance with *N.J.S.A.* 2A:44A–6, was flawed. The arbitrator should have allowed the lien claim to be filed within the ten day window, as provided for by *N.J.S.A.* 2A:44A–21b(8) or, in the alternative, accepted the earlier filed lien claim as valid. The court finds that the claimant did comply with the statute by instituting his action within ninety days, filing a timely demand for arbitration, after which the arbitrator had thirty days to render a decision. This should have then been followed by the ten day window for the claimant to file a lien claim. The lien claim filed by plaintiff was not only filed *within* the statutory time frame but earlier than necessary. This earlier filing did not invalidate it. (*See N.J.S.A.* 2A:44A–6 referred to above). The arbitrator removed any possibility of recovery on the lien claim, despite the claimant's compliance with the statutory requirements.

The award of the arbitrator is vacated.

The matter is remanded to the arbitrator for findings under *N.J.S.A.* 2A:44A–21b(4).

The defendants' counterclaim, including their request for fees and costs, is dismissed.