719 A.2d 169 (1998)
315 N.J. Super. 493
James OREFICE and Roseann Orefice, Plaintiffs-Appellants,
v.
ADR, a New Jersey General Partnership and American Arbitration Association, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1998.
Decided October 23, 1998.
James V. Segreto, Haledon, for plaintiffs-appellants (Segreto & Segreto, attorneys; James V. Segreto, of counsel and on the brief; Paul A. Segreto, on the brief).
Martin S. Zipern, Westfield, for defendants-respondents (Garrubbo & Romankow, attorneys; Mr. Zipern, on the brief).
Before Judges D'ANNUNZIO, CUFF and COLLESTER.
The Opinion of the Court was delivered by D'ANNUNZIO, J.A.D.
This appeal arises out of a residential construction dispute and involves application of *170 the Construction Lien Law (the Act) enacted to be effective in April 1994. L.1993, c. 318; N.J.S.A. 2A:44A-1 to 38. The Act establishes procedures for the imposition of liens in favor of contractors, subcontractors and suppliers who provide "work, services, material or equipment pursuant to a contract" for the improvement of real property. N.J.S.A. 2A:44A-3. It repealed the former Mechanics' Lien Law, N.J.S.A. 2A:44-64 through -104, N.J.S.A. 2A:44-106 through 124.1. L. 1993, c. 318, § 40. The Act establishes a special procedure for lien claims arising out of residential construction contracts. N.J.S.A. 2A:44A-21 (section 21). These special procedures were intended to minimize delay and uncertainty in the resolution of lien claims affecting residential property. See Mansion Supply Co., Inc. v. Bapat, 305 N.J.Super. 313, 317, 702 A.2d 509 (App.Div.1997), certif. denied, 153 N.J. 49, 707 A.2d 153 (1998).
Section 21 provides that a "lien claimant" must file a Notice of Unpaid Balance and Right to File Lien (NUB) as a "condition precedent to the filing of any lien arising under a residential construction contract." The NUB is filed with the county clerk, N.J.S.A. 2A:44A-20, and served on the owner. Section 21b(2). Simultaneously with service on the owner, the "lien claimant shall also serve a demand for arbitration and fulfill all the requirements and procedures of the American Arbitration Association to institute an expedited proceeding before a single arbitrator designated by the American Arbitration Association." Section 21b(3). Lien claimants under non-residential contracts are not required to file and serve a NUB or to arbitrate as a prerequisite to filing a lien. N.J.S.A. 2A:44A-6. But see N.J.S.A. 2A:44A-20a authorizing a non-residential lien claimant to file a NUB to gain priority over certain conveyances.
Section 21b(4) defines the arbitrator's role. It provides:
Upon the closing of all hearings in the arbitration, the arbitrator shall make the following determinations: (a) whether the Notice of Unpaid Balance and Right to File Lien was in compliance with section 20 of this act and whether service was proper under section 7 of this act; (b) the validity and amount of any lien claim which may be filed pursuant to the Notice of Unpaid Balance and Right to File Lien; (c) the validity and amount of any liquidated or unliquidated setoffs or counterclaims to any lien claim which may be filed; and (d) the allocation of costs of the arbitration among the parties.
If the arbitrator determines that "there is an amount which, pursuant to a valid lien shall attach to the improvement, the lien claimant" shall file its lien claim within ten days of the receipt of the arbitrator's determination. Section 21b(8). The lien claim is filed with the county clerk in the form required in N.J.S.A. 2A:44A-8.
Sections 21b(9) and (10) provide:
(9) Except for the arbitrator's determination itself, any such determination shall not be considered final in any legal action or proceeding, and shall not be used for purposes of collateral estoppel, res judicata, or law of the case to the extent applicable. Any finding of the arbitrator pursuant to the provisions of this act shall not be admissible for any purpose in any other action or proceeding.
(10) If either the lien claimant or the owner is aggrieved by the arbitrator's determination, then either party may institute a summary action in the Superior Court, Law Division, for the vacation, modification or correction of the arbitrator's determination. The arbitrator's determination shall be confirmed unless it is vacated, modified or corrected by the court. The court shall render its decision after giving due regard to the time limits and procedures set forth in this act.
The parties in this case assume that once a lien claim is filed pursuant to section 21b(8), then N.J.S.A. 2A:44A-14 (section 14) applies. It provides that a claimant filing a lien claim forfeits all rights to enforce the lien if the claimant does not file an action in the Superior Court "to establish the lien claim" within one year of the date the last work or material was provided or within thirty days of written notice from the owner requiring a claimant to file an action to establish the claim. We express no opinion regarding the relationship *171 between section 14 and section 21, particularly sections 21b(9) and (10), because the issue is not before us.
In the present case, defendant agreed to build a house for plaintiffs in Far Hills, New Jersey. The contract price was $1,014,230. The contract contained a clause permitting either party "to submit any dispute related to this contract to arbitration ..." On July 15, 1996, defendant filed and served a NUB and demanded arbitration of its right to file a lien under section 21. Plaintiffs participated in the arbitration proceeding and the arbitrator rendered his decision on August 14, 1996. He determined that defendant's lien claim was valid in the amount of $305,543.82, but that plaintiffs were entitled to a $1,300 set off resulting in "the net amount of the lien which may attach to the improvement" as $304,243.82.
Pursuant to section 21b(8), defendant filed a lien in that amount with the Somerset County Clerk on August 21, 1996. The parties, however, took no additional action under either section 14 or section 21b(10). Rather, on March 10, 1997, defendant filed a demand for arbitration under the arbitration clause in its contract with plaintiffs. Counsel for plaintiffs informed the AAA that the dispute was not arbitrable because defendant had filed a lien, which could only be enforced by an action in the Superior Court as required in section 14 of the Act. Defendant's counsel responded that "ADR has made a choice to not enforce the lien at this time but instead seek an award leading to judgment."
Plaintiffs commenced this action to enjoin the arbitration. On cross-motions for summary judgment, Judge Hoens determined that use of the lien claim procedure is not mandatory and is not the exclusive remedy. Judge Hoens ruled:
The focus of the new law was to address, particularly in the case of residential construction, the uncertainties and inefficiencies and inherent unfairness of the old lien procedure. The focus was not to create a lien procedure which once initiated could not be waived in favor of traditional contract remedies, including arbitration. Rather, it is clear that if the contractor, having secured the right to file a lien claim fails to proceed upon it, the contractor loses only the right to enforce the lien, itself a valuable right which would secure the eventual recovery of the sum owed. The contractor does not, however, lose the right to permit the lien to lapse and pursue the right to arbitration of the entire dispute as set forth in the contract, nor does the homeowner secure the right to resist the demand for arbitration of the claim in preference for a trial on all of the issues in a Superior Court action.
We now affirm.
We perceive no reason in public policy or the Act's objectives to deny a claimant an alternative remedy. The Act expressly provides that "nothing in this Act shall be construed to limit the right of any claimant from pursuing any other remedy provided by law." N.J.S.A. 2A:44A-3. Moreover, "a written contract is a prerequisite to the filing of a valid lien claim" under the Act. Accordingly, the Act provides no remedy for unwritten contracts. Gallo v. Sphere Const. Corp., 293 N.J.Super. 558, 564, 681 A.2d 1237 (Ch.Div.1996). The Act limits the "amount of a lien claim ... to the contract price." Thus, if a contractor's claim involves more than the "contract price," he must file a separate proceeding. See Gallo, supra, 293 N.J.Super. at 565, 681 A.2d 1237 (holding that the Act does not authorize a lien for lost profits). Section 14d expressly recognizes the right to bring a separate action. It provides:
Any disputes arising out of the improvement which is the subject of a lien claim but which are unrelated to any action to enforce a lien claim may be brought in a separate action.
Additionally, section 21b(3) authorizes the use of an "alternative dispute resolution mechanism," if the parties have so agreed in writing, in lieu of the section 21b(3) AAA arbitration.
Finally, we note that defendant's abandonment of its lien on plaintiffs' property furthers an objective of the Act's provisions regarding residential construction, which is to minimize the impact of impediment's to the transfer of title resulting from these disputes. We perceive no obstacle in the Act to *172 a contractor's decision to give up the security represented by a lien and pursue other remedies.[1]
Affirmed.
NOTES
[1] The Act provides remedies against lien claimants who forfeit their liens but do not expeditiously discharge the lien claim of record. N.J.S.A. 2A:44A-30. See also section 21b (12) and N.J.S.A. 2A:44A-15.