729 A.2d 47 (1999)
321 N.J. Super. 349
William T. GROESBECK, Plaintiff-Appellant,
v.
Donna LINDEN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1999.
Decided April 15, 1999.
Richard C. McDonnell, Ramsey, for plaintiff-appellant (McDonnell & Whitaker, attorneys; Mr. McDonnell, on the brief).
Kurt E. Johnson, Westwood, for defendant-respondent.
Before Judges A.A. RODRIGUEZ and KIMMELMAN.
The opinion of the court was delivered by *48 KIMMELMAN, J.A.D.
In this appeal we are called upon to decide whether a contractor who has filed a lien claim for residential construction work under the Construction Lien Law (the Act), N.J.S.A. 2A:44-1 to -38 (which calls for such claims to be arbitrated), but who then withdraws or abandons his lien claim prior to final disposition, is foreclosed from subsequently seeking to pursue his underlying contract claim to judgment in an action at law. The Law Division held that once having elected to pursue his remedy under the Act by way of seeking a lien on the owner's property, plaintiff is precluded from bringing a suit on the contract at law. We disagree and reverse.
Plaintiff is a home improvement contractor who was engaged by defendant to do work on her residential real property. Their written agreement required payments for the work to be made in stages. When plaintiff had allegedly completed more than 75% of the work, defendant failed and refused to make the installment payment then due.
The Act affords a contractor who supplies work, services, or materials the right to subject the interest of the owner of the real property in question to a lien, N.J.S.A. 2A:44A-3, provided that a lien claim be filed not later than 90 days following the last furnishing of work, services, or materials, N.J.S.A. 2A:44A-6. See also Mansion Supply Co., Inc. v. Bapat, 305 N.J.Super. 313, 316-17, 702 A.2d 509 (App. Div.1997), certif. denied, 153 N.J. 49, 707 A.2d 153 (1998).
Pursuant to N.J.S.A. 2A:44A-7 and -8, plaintiff served and filed a "Notice of Unpaid Balance and Right to File Lien" (NUB) claiming $8705. Simultaneously with the filing of the NUB, plaintiff served on defendant a demand for arbitration which the Act requires for a NUB relating to a residential construction contract. N.J.S.A. 2A:44A-21b(2).
On August 8, 1997, following an arbitration hearing held pursuant to the Act, an arbitration award was entered in plaintiff's favor allowing him to file a lien claim in the amount of $8705 and requiring that, within ten days, he post a bond, letter of credit or funds with an attorney at law of this State in the amount of $3974 representing 110% of the approximate fair and reasonable value of setoffs claimed by defendant. See N.J.S.A. 2A:44A-21b(5). Prior to the posting of a bond, plaintiff filed the lien claim allowed by the arbitrator but then was unable to post a bond or other security within the required ten-day period. As a consequence, the lien claim abated and was discharged of record.
On or about April 15, 1998, plaintiff filed a complaint against defendant in the Law Division seeking a monetary judgment for his open account. Defendant counterclaimed for the reasonable value of her claimed setoffs. On the day of trial, defendant filed a motion for summary judgment contending that plaintiff, having elected to pursue a lien claim subject to the Act, was precluded from bringing suit on the basic construction contract. As indicated, the trial judge agreed concluding that since plaintiff had elected his remedy to seek a lien under the Act he was bound thereby and forfeited his common law remedy to sue on the open book account.
Our resolution of this matter requires that we consider the plain language of the Act in the context of the entire legislative scheme of which it is a part. Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 127-28, 527 A.2d 1368 (1987); State v. Wright, 107 N.J. 488, 497, 527 A.2d 379 (1987)
The Act replaced the long-standing Mechanics' Lien Law, N.J.S.A. 2A:44-64 to 124 (repealed L.1993, c. 318) eliminating the requirement that a contractor planning to supply labor and materials must prefile a mechanics' notice of intention before a lien could attach to the property involved. See our discussion and analysis in Mansion Supply Co., Inc., supra, 305 N.J.Super. at 316-17, 702 A.2d 509. The Act eliminates the prefiling requirement *49 for the creation of a lien and establishes detailed procedures to be met for the imposition of liens in favor of contractors, subcontractors and suppliers who have provided "work, services, material or equipment pursuant to a contract" for the improvement of real property. See N.J.S.A. 2A:44A-3. An unpaid supplier of work, services, material or equipment has a 90-day window from the date of the last performance of such items within which to file a notice of lien claim referred to as a "Notice of Unpaid Balance and Right to File Lien Claim" (NUB). See N.J.S.A 2A:44A-6 and -8.
Significantly, however, in N.J.S.A. 2A:44A-3, which creates the right to apply for a lien, the Legislature specifically provided that "Nothing in this act shall be construed to limit the right of any claimant from pursuing any other remedy provided by law." Indeed other language in the Act makes it clear that the lien claim procedure provided by the Act was not designed or intended to be the exclusive remedy of an unpaid contractor. For instance, under N.J.S.A. 2A:44A-14a(1), a contractor who has filed a NUB forfeits the lien claim if he fails to bring an action in the Superior Court to "establish the lien claim" within one year from the date of the last provision of work.
As such, N.J.S.A. 2A:44A-14a(1) contains no suggestion that in addition to forfeiting the lien claim, the contractor also forfeits the underlying claim under the construction contract for any monies remaining unpaid. The legislative intent is otherwise as expressed in N.J.S.A. 2A:44A-3 preserving other remedies provided by law.
We consider the legislative use of the phrase "establish the lien claim" in N.J.S.A. 2A:44A-14a, coupled with its use of the phrase "an action ... to enforce the lien claim" in N.J.S.A. 2A:44A-14c to be expressive of its intent that within one year the lien claimant must bring an action both to establish and enforce the lien claim. In no other sections of the Act do we discern an intent that a contractor who forfeits or otherwise fails to perfect a lien claim is denied the right to seek payment for his basic monetary claim for the furnishing of work, services, or materials.
Accordingly, in our view, a contractor does not lose his traditional common law contract remedy for unpaid services by his initial resort to seek a lien pursuant to the terms of the Act. It is not mandatory that an unpaid contractor who initially seeks a lien to follow through, fulfill and satisfactorily complete the lien claim procedure provided by the Act. Since the Act is not intended to be the exclusive remedy for an unpaid contractor, a contractor may forego the legal effect and certainty represented by a lien and pursue other available remedies. See Orefice v. ADR, 315 N.J.Super. 493, 497-98, 719 A.2d 169 (App.Div.1998).
Defendant's reliance on Scott v. Educational Testing Service, 252 N.J.Super. 610, 616-17, 600 A.2d 500 (App.Div.1991), certif. denied, 130 N.J. 13, 611 A.2d 651 (1992) and Highgate Development Corp. v. Kirsh, 224 N.J.Super. 328, 334-36, 540 A.2d 861 (App.Div.1988), is misplaced. Both cases stand for the proposition that a claimant who contractually elects arbitration as the dispute resolution mechanism cannot have a second bite of the apple in a court of law should the arbitration not be successful. Here, plaintiff's intent to seek a lien was not an irrevocable election of remedy, see N.J.S.A. 2A:44A-3; his choosing to seek the lien claim became arbitrable or subject to an alternative dispute mechanism by the terms of the Act pertaining to residential construction and not by virtue of a voluntary agreement entered into between the parties.
In sum, we hold that where a contractor's lien claim is forfeited or aborted short of the commencement of an action in the Superior Court to establish and enforce the lien claim pursuant to N.J.S.A. 2A:44A-14, the contractor, in this case the plaintiff, may resort to any other remedy *50 provided by law. Should the lien claim be related to residential construction, the arbitrator's determination, if any be made, may "not be used for purposes of collateral estoppel, res judicata, or law of the case to the extent applicable." N.J.S.A.2A:44A-21b(9).
In view of the foregoing, the order dismissing plaintiff's complaint is reversed and this matter is remanded to the Law Division for further proceedings consistent herewith. We do not retain jurisdiction.