812 A.2d 1134

WEST VIRGINIA STEEL CORP., PLAINTIFF–APPELLANT, v. SPARTA STEEL CORPORATION; LESTER SENIOR HOUSING JEWISH COMMUNITY CENTER; COUNTY OF PASSAIC, DEFENDANTS–RESPONDENTS, AND GREAT ATLANTIC & PACIFIC TEA COMPANY; SPORTS AUTHORITY, INC.; MORRIS AND MICHAEL KAPLAN; MEADOW PARK ASSOCIATES; SISTERS OF ST. DOMINICK; ORANGE COUNTY, NEW YORK; ESSEX COUNTY, NEW JERSEY; BLOOMFIELD COLLEGE AND SEMINARY; S.M.S., INC.; TRUSTEES OF RUTGERS UNIVERSITY; JFK MEDICAL CENTER FOUNDATION, INC.; SUTTON PLAZA LTD; WAYNE GENERAL HOSPITAL; DELRICK CONSTRUCTION CO., INC.; PRISMATIC DEVELOPMENT CORP., AND ABC CORP. 1–20 AND JOHN DOES 1–20, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 9, 2002—Decided January 7, 2003.

Before Judges PETRELLA, BRAITHWAITE and PARKER.

*Paul S. Doherty, III,* argued the cause for appellant (*Hartmann Doherty,* attorneys; *Mr. Doherty,* of counsel and on the brief).

*Cheryl H. Burstein* argued the cause for respondents *Sparta Steel Corporation* and *Lester Senior Housing Jewish Community Center* (*Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg,* attorneys; *Ms. Burstein* and *Richard M. Salsburg,* of counsel and on the brief).

*Michael H. Glovin,* Assistant County Counsel, argued the cause for respondent County of Passaic (*William J. Pascrell, III,* County Counsel, attorney; *Mr. Glovin,* of counsel and on the brief).

*Cole, Schotz, Meisel, Forman & Leonard,* attorneys for respondent *JFK Medical Center Foundation,* have not filed a brief.

*Steve Mannion,* Essex County Counsel, attorney for defendant County of Essex, has not filed a brief.

*Purcell, Ries, Shannon, Mulcahy & O'Neill,* attorneys for defendant *SMS, Inc.,* have not filed a brief.

The opinion of the court was delivered by

PARKER, J.A.D.

This appeal arises out of plaintiff's attempt to enforce construction and mechanic's liens against three defendants. Plaintiff, West Virginia Steel Corp. (WVS), fabricates and furnishes structural steel products for use in construction projects. Defendant, Sparta Steel Corp. (Sparta), served as an agent and distributor for WVS products and sold them to the remaining defendants for construction projects in New York and New Jersey. In its complaint, WVS alleged that Sparta owed approximately $1.78 million to WVS for products sold to Sparta, which, in turn, distributed them to the remaining defendants.

WVS filed its complaint in July 2000 in Bergen County Superior Court, alleging breach of contract, unjust enrichment and quantum meruit claims against Sparta and nineteen project owners in nine New Jersey counties and Orange County, New York. None of the defendants were located in Bergen County. In Counts 59, 60 and 61 of the complaint, WVS asserted lien claims against Lester Housing Jewish Community Center (Lester) (Count 59), and JFK Medical Center Foundation, Inc. (JFK) (Count 60) under the New Jersey Construction Lien Law, *N.J.S.A.* 2A:44A–1 to 38; and against Passaic County under the Municipal Mechanic's Lien Law, *N.J.S.A.* 2A:44–125 to 142 (Count 61). It is the dismissal of those three counts that WVS appeals. We affirm.

In December 2000, Sparta filed a motion to dismiss for failure to state a claim and WVS cross-moved for leave to file an amended complaint. The motion judge dismissed with prejudice the lien and common law claims against the project owners for the reasons set forth in a written opinion dated March 30, 2001. The judge granted WVS' motion to amend its complaint on the condition that plaintiff could "not include in the amended complaint, any counts that were dismissed with prejudice . . . ."

On April 30, 2001, WVS filed a motion for reconsideration. In a written opinion dated October 25, 2001, the motion judge clarified his previous order indicating that WVS' claims against Sparta were dismissed without prejudice. WVS subsequently filed a complaint against Sparta in Sussex County Superior Court, and that matter is still pending.

In this appeal, WVS argues: (1) the trial court should have permitted it to assert all of its claims in one county; (2) the trial court should have transferred the lien claims to the appropriate venues; and (3) the trial court should have dismissed the complaints against Lester, JFK and Passaic County without prejudice.

In its first point, WVS claims that the motion judge erred in dismissing counts 59, 60 and 61 which sought to enforce liens against Lester located in Morris County, JFK located in Middlesex County, and Passaic County for the Passaic County Community College project. WVS acknowledges that it improperly filed suit in Bergen County to enforce liens against properties located in other counties. Nevertheless, relying on *State Dep't of Envtl. Prot. v. Middlesex Cty. Freeholders Bd.*, 206 *N.J.Super.* 414, 502 *A.2d* 1188 (Ch.Div.1985) *aff'd*, 208 *N.J.Super.* 342, 506 *A.2d* 13 (App.Div.1986), WVS maintains that the "venue rules should have been relaxed to promote judicial economy and prevent the 'fragmentation of litigation.' " WVS further argues that the Supreme Court's decision in *Thomas Group, Inc. v. Wharton Sr. Housing, Inc.*, 163 *N.J.* 507, 517–18, 750 *A.2d* 743 (2000), requires us to construe the lien law liberally to avoid dismissal of its claims. Alternatively, WVS argues that if dismissal was appropriate under

the lien laws, it should have been without prejudice so that WVS could file separate actions to enforce its lien claims in the counties where each of the projects was located. We disagree.

The Construction Lien Law is clear and unambiguous in its requirements. *N.J.S.A.* 2A:44A–14a provides:

> A claimant filing a lien claim *shall forfeit all rights to enforce the lien,* and shall immediately discharge the lien of record, *if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated,* to establish the lien claim:
>
> (1) Within one year of the date of the last provision of work . . . .
>
> [Emphasis added.]

In *Thomas Group,* the Court addressed the dismissal of a lien holder's prematurely filed complaint to enforce a construction lien. There, the lien holder had a contract relationship with the owner. The Court balanced the competing interests of the contractor who "performed substantially all of its work [and] seeks the protection of its statutory lien claim and superiority" over junior claimants, against "the owner's interest in not being compelled to pay the contractor until all of the bargained for prerequisites to payment are satisfied." *Id.* at 518, 750 *A.*2d 743. The Court held that both interests could be fairly accommodated by "stay[ing] ... [the] proceeding [rather than dismissing the complaint] until the arbitrators determined the amount owing under the contract." *Id.* at 521–22, 750 *A.*2d 743. Moreover, in construing the applicable statute, *N.J.S.A.* 2A:44A–3, the Court found that certain language not defined therein [1] was ambiguous, and determined that in the absence of clarity and definition, the language "must be read sensibly and consistent with the law's overall intent to permit contractors to file liens and thus protect the value of the work they have provided." *Id.* at 517, 750 *A.*2d 743.

---

[1] The language at issue in Section 3 was the phrase "in accordance the contract." The Court interpreted it "to mean that a party must perform work under a contract to be entitled to a lien, but not to require literally that a party must satisfy all of the terms and conditions of a contract before it can file a lien [claim]." *Thomas Group, supra,* 163 *N.J.* at 517, 750 *A.*2d 743.

The case before us, however, is very different from *Thomas Group*. Here, WVS did not have a written contract with the parties against whom they filed the liens—a fatal flaw that we will discuss further. Moreover, the language in the applicable provision, *N.J.S.A.* 2A:44A–14a, is clear, unambiguous and mandatory: "[a] claimant ... *shall* forfeit all rights to enforce the lien ... *if* the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated ...." (Emphasis added.)

WVS argues that because this is a "complex multi-party" case, the venue provision in the statute should be relaxed in the interests of judicial economy. We disagree with plaintiff's characterization of the case. From the record before us, it is apparent that each claim is separate and distinct from the others and that it would, in fact, unnecessarily complicate otherwise straightforward claims if they were litigated *en mass*.

There is no provision in the Construction Lien Law authorizing relaxation of venue for a plaintiff's convenience. Moreover, even if the complaint against Lester and JFK had been dismissed without prejudice, the statutory time limit had expired and WVS would have been out of time to file complaints in the appropriate counties.

Even more significantly, WVS did not meet the statutory requirement that it have "an agreement ... in writing" with the party against whom it was filing the lien. *N.J.S.A.* 2A:44A–2; *Legge Indus. v. Joseph Kushner Hebrew Acad.*, 333 *N.J.Super.* 537, 559, 756 *A.2d* 608 (App.Div.2000). In *Gallo v. Sphere Constr. Corp.*, 293 *N.J.Super.* 558, 562, 681 *A.2d* 1237 (Ch.Div.1996), cited with approval in *Orefice v. ADR*, 315 *N.J.Super.* 493, 498, 719 *A.2d* 169 (App.Div.1998), the court held:

> In order for a contractor, subcontractor or supplier to be entitled to a lien, any work or services performed, or material ... provided, must have been done "pursuant to a contract." "Contract" is expressly defined in the act as "an agreement, or amendment thereto *in writing*, evidencing the respective responsibilities of the contracting parties.... *N.J.S.A.* 2A:44–2.

The clear and unambiguous language of the statute requires a written agreement between the parties in order to enforce a construction lien. No such written agreement existed between WVS and Lester or JFK. Consequently, there is no ground upon which WVS could enforce the liens even if they were timely filed in the correct counties. *Legge, supra,* 333 *N.J.Super.* at 559, 756 *A.*2d 608.

■ With respect to the claim against Passaic County, WVS alleged that it had filed a Municipal Mechanic's Lien "on the property known as Passaic County Community College .... in the amount of $220,698." Initially, we note that actions against counties must be filed in the county in which the cause of action arises. *R.* 4:3–2(a)(2). Not only did WVS improperly file its claim in Bergen County, it apparently failed to file the lien against the proper party, since Passaic County is not the owner of the property on which the Passaic County Community College was constructed. Liens can only be placed against the property owner. *Legge, supra,* 333 *N.J.Super.* at 559, 756 *A.*2d 608. Consequently, WVS has no basis for enforcing a lien against Passaic County.

■ WVS next argues that even if the motion judge properly dismissed the lien claims on venue grounds, he should have transferred those claims to the appropriate counties *sua sponte.* This issue was not raised before the trial judge, however, and we decline to consider it. *Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973).

Affirmed.