**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1282-17T1

ASH MAPLE, LLC, and THE
FRIED GROUP, LP,

     Plaintiffs-Respondents,

v.

JERAL CONSTRUCTION COMPANY,
INC., RICHARD WARUS, JOHN
STRZALKOWSKI, J.R. HAYNES
ELECTRICAL CONTRACTORS,
LLP, J. SUTTER ENTERPRISES, LLC,
PORTUGUESE STRUCTURAL STEEL,
INC., A&B ENGINEERING, INC.,
DNK CONSTRUCTION CORP. d/b/a
ROOFTOP SERVICES, UNIFIED DOOR
AND HARDWARE GROUP, LLC, EDEN
PROPERTY COMPANY, LLC, and
EDEN REALTY COMPANY, LLC,

     Defendants,

and

ELITE LANDSCAPING, INC.,

     Defendant-Appellant.

Submitted May 1, 2019 - Decided June 17, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2305-16.

Carter, Van Rensselaer and Caldwell, attorneys for appellant (William J. Caldwell, on the brief).

Novins, York & Jacobus, attorneys for respondents (Lauren M. Dooley, on the brief).

PER CURIAM

In this construction lien claim matter, defendant-counterclaimant Elite Landscaping, Inc. appeals from summary judgment dismissing its counterclaim against plaintiffs Ash Maple, LLC and The Fried Group, L.P. We affirm.

The essential facts are easily summarized. Plaintiffs hired defendant Jeral Construction Company to act as their general contractor in the construction of a Walgreens drug store in 2015. Jeral engaged several subcontractors, including Elite Landscaping, but failed to pay them. As a result, the subcontractors filed construction lien claims. Elite alleged it was owed $87,696.40 on its contract with Jeral.

Plaintiffs eventually filed suit against the lien claimants, and the court entered an order establishing a lien fund pursuant to N.J.S.A. 2A:44A-9, from which Elite received a pro rata distribution of $35,300.94. Thereafter, Elite

pursued quasi-contract claims against plaintiffs for the balance of $52,395.46. The parties cross-moved for summary judgment, with Elite arguing it was entitled to payment beyond its pro rata share of the lien based on our opinion in Groesbeck v. Linden, 321 N.J. Super. 349, 353 (App. Div. 1999), which makes clear "the lien claim procedure provided by the [Construction Lien Law, N.J.S.A. 2A:44-1 to -38, (CLL)] was not designed or intended to be the exclusive remedy of an unpaid contractor."

In a clear and cogent opinion from the bench, Judge Goldman acknowledged the general principle "that 'nothing in [the CLL] shall be construed to limit the right of any claimant from pursuing any other remedy provided by law,'" Craft v. Stevenson Lumber Yard, Inc., 179 N.J. 56, 76 (2004) (quoting N.J.S.A. 2A:44A-3), but distinguished Groesbeck because in that case there was privity between the lien claimant contractor and the homeowner, which is absent here. Following a careful review of the undisputed facts and a thorough analysis of the applicable law, the judge found:

> Here, defendant Jeral, general contractor, was the only person who contracted with defendant Elite. Elite has recovered some money from the construction lien [fund] consistent with the purposes of [N.J.S.A.] 2A:44A-3. Summary judgment should be granted. The defendant Elite cannot recover any more money from plaintiff beyond which it already recovered in the construction lien.

Elite appeals, arguing the trial court judge erred in dismissing its claim against plaintiffs "by holding that [d]efendant's sole remedy was limited by operation of the Construction Lien Law." We reject that claim as without sufficient merit to warrant extended discussion in a written opinion. See R. 2:11-3(e)(1)(E). As we noted, Judge Goldman did not hold that Elite's recovery "was limited by operation of the Construction Lien Law." Judge Goldman held Elite could not recover on its quantum meruit claim against plaintiffs because it did not contract with plaintiffs, but only with Jeral, the general contractor.

As there is no dispute that there is no contractual relationship between Elite and plaintiffs and absolutely nothing in this record to even suggest Elite had any dealings with plaintiffs or expected payment from them when it rendered its landscaping services to Jeral, summary judgment was appropriately entered on this record. See Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). New Jersey law is clear that subcontractors who are not paid by the general contractor who hired them cannot sue the property owners with whom they lack privity. See F. Bender, Inc. v. Jos. L. Muscarelle, Inc., 304 N.J. Super. 282, 285-86 (App. Div. 1997); Insulation Contracting & Supply v. Kravco, Inc., 209 N.J. Super. 367, 377-79 (App. Div. 1986).

As there is no basis on the undisputed facts in this record to impose liability on plaintiffs on a theory of unjust enrichment or quantum meruit, we affirm, essentially for the reasons expressed in Judge Goldman's opinion from the bench on September 29, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION